No. 54432.—McKesson & Robbins, Inc. *v.* United States, protest 156934–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners & Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties. The protest was sustained to this extent.

No. 54433.—Galan & Leon, Inc. *v.* United States, protests 150450–K, 151305–K, and 152395–K (New York).

Opinion by JOHNSON, J. From an examination of the papers the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protests were therefore overruled.

BEFORE THE SECOND DIVISION, JUNE 21, 1950

No. 54434.—The Buckeye Portable Tool Co. (now known as Buckeye Tools Corporation) *v.* United States, petition 6736–R (Cleveland).

Opinion by RAO, J. The merchandise in question was entered and appraised at the unit invoiced values, less a discount of 17½ percent, less 20 percent, plus packing. The item of 20 percent was a deduction claimed as the result of water damage to the involved importation which caused rust and discoloration to the iron and steel parts and corrosion to the brass and copper parts. The collector, being of opinion that such allowance was improper under paragraph 398, Tariff Act of 1930, which prohibits any allowance for rust or discoloration on any iron or steel or articles manufactured therefrom, appealed for reappraisement. Upon agreement during the trial of said appeal, it was held that 10 percent of the damage to the merchandise was due to such rust and discoloration as is included in said paragraph 398, and accordingly such deduction was disallowed. The merchandise was finally appraised on the basis of foreign value at the unit entered values, less 17½ percent discount, less 10 percent, packing included. Upon a full consideration of the entire record it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.